Of Counsel:
DWYER SCHRAFF MEYER
  GRANT & GREEN
Attorneys at Law
A Law Corporation

ADELBERT GREEN                5042-0
1800 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaiʻi  96813
Telephone:  (808) 524-8000
E-mail:   agreen@dwyerlaw.com

Attorneys for Defendant
  FREMONT REORGANIZING
  CORPORATION

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRYAN KEITH PETTIT and MARLENE PETTIT,<br><br>         Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATE-HOLDERS OF CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1 ASSET BACKED PASS-THROUGH CERTIFICATES, FREMONT INVESTMENT & LOAN, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., EMC MORTGAGE CORPORATION, and DOES 1 through 20 inclusive,<br><br>        Defendants. | CIVIL NO. 10-00100 SOM LEK<br><br>DEFENDANT FREMONT INVESTMENT & LOAN nka FREMONT REORGANIZING CORPORATION'S ANSWER TO COMPLAINT FILED FEBRUARY 25, 2010; CERTIFICATE OF SERVICE<br><br><br><br><br><br>No Trial Date Has Been Set |

**DEFENDANT FREMONT INVESTMENT & LOAN
nka FREMONT REORGANIZING CORPORATION'S
<u>ANSWER TO COMPLAINT FILED FEBRUARY 25, 2010</u>**

COMES NOW Defendant FREMONT INVESTMENT & LOAN nka FREMONT REORGANIZING CORPORATION ("Defendant Fremont"), by and through its attorneys, the law firm of Dwyer Schraff Meyer Grant & Green, and hereby answers the Complaint that Plaintiffs BRYAN KEITH PETTIT and MARLENE PETTIT (jointly "Plaintiffs"), filed February 25, 2010, as follows:

<u>**FIRST DEFENSE**</u>

1.    The Complaint fails to state a claim against Defendant Fremont upon which relief can be granted.

<u>**SECOND DEFENSE**</u>

2.    With respect to the averments in paragraphs 1, 2, 4, 5, 6, 6a, 8, 21, 22 and 26 of the Complaint, Defendant Fremont states that it is without knowledge or information sufficient to form a belief as to the truth of the averments therein insofar as they relate to Defendant Fremont and denies them on that basis.

3.    With respect to the averments in paragraph 3 of the Complaint, Defendant Fremont states that it is a California corporation and that pursuant to the Certificate of Amendment of the Amended and Restated Articles of Incorporation of Fremont Investment & Loan dated July 28, 2008, the name of the corporation has been changed to and is now "Fremont Reorganizing Corporation."

4.     With respect to the averments in paragraphs 7, 9, 11**,** 12, 13, 14, 15, 16, 17, 18, 19, 23 and 24 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

5.     With respect to the averments in paragraph 10 of the Complaint, Defendant Fremont states that the documents will speak for themselves if and when they are introduced into evidence, denies the remaining averments, denies the averments insofar as they relate to Defendant Fremont, and states that it is without sufficient knowledge or information to form a belief as to the truthfulness of those remaining averments as to any other party named therein and therefore denies them to that extent.

6.     With respect to the averments in paragraph 20 of the Complaint, Defendant Fremont denies that it claims an interest in the Property and states that it is without sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations and denies them on that basis.

7.     Defendant Fremont denies the averments in paragraph 25 of the Complaint.

## COUNT 1:
## Unfair Trade Practices Involving Non Compliance, Under 15 USC Sections 1602, Et. Seq.

8.      With respect to paragraph 27 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 7 of this Answer to Complaint.

9.      With respect to the averments in paragraphs 28, 29, 30 and 31 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

## COUNT 2:
## Failure to Obtain Signed Loan Documents in Violation of 15 U.S.C. Sec. 1601, Et. Seq. and Title 12, Regulation Z Part 226 Et. Seq.

10.      With respect to paragraph 32 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 9 of this Answer to Complaint.

11.      With respect to the averments in paragraphs 33, 35 and 36 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

12.     With respect to the averments in paragraph 34 of the Complaint, Defendant Fremont states that it is without knowledge or information sufficient to form a belief as to the truth of the averments therein and denies them on that basis.

## COUNT 3:
### Failure to Give 3 Day Cooling Period in Violation of 15 U.S.C. Sec. 1601, Et. Seq. and Regulations Z

13.     With respect to paragraph 37 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 12 of this Answer to Complaint.

14.     With respect to the averments in paragraphs 38, 40 and 41 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

15.     With respect to the averments in paragraph 39 of the Complaint, Defendant Fremont states that it is without knowledge or information sufficient to form a belief as to the truth of the averments therein and denies them on that basis.

## COUNT 4:
### Failure to Give Conspicuous Writings in Violation of 15 U.S.C. Sec. 1601, Et. Seq. and Title 12 of Federal Regulations, Sec. 226.18

16.     With respect to paragraph 42 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 15 of this Answer to Complaint.

17.    With respect to the averments in paragraphs 43, 45 and 46 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

18.    With respect to the averments in paragraph 44 of the Complaint, Defendant Fremont states that it is without knowledge or information sufficient to form a belief as to the truth of the averments therein and denies them on that basis.

### COUNT 5:
**Unfair and Deceptive Acts and Practices in**
**Violation of Chapter 480, Hawaii Revised Statutes**

19.    With respect to paragraph 47 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 18 of this Answer to Complaint.

20.    With respect to the averments in paragraphs 48 and 49 of the Complaint, Defendant Fremont states that it is without knowledge or information sufficient to form a belief as to the truth of the averments therein and denies them on that basis.

21.    With respect to the averments in paragraphs 50 and 51 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a

belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

## COUNT 6:
### Declaratory Judgment Re: Fraud and Rescission And Common Law Damages

22.     With respect to paragraph 52 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 21 of this Answer to Complaint.

23.     With respect to the averments in paragraph 53 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

## COUNT 7:
### Injunctive Relief

24.     With respect to paragraph 54 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 23 of this Answer to Complaint.

25.     With respect to the averments in paragraph 55 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to

their truthfulness regarding any other party named therein and therefore denies them to that extent.

## COUNT 8:
### Breach of Implied Covenant of Good Faith Dealing

26.    With respect to paragraph 56 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 25 of this Answer to Complaint.

27.    With respect to the averments in paragraph 57 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

## COUNT 9:
### Equitable Estoppel

28.    With respect to paragraph 58 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 27 of this Answer to Complaint.

29.    With respect to the averments in paragraph 59 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

## COUNT 10:
## Negligent and/or Intentional Infliction of Emotional Distress

30.     With respect to paragraph 60 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 29 of this Answer to Complaint.

31.     With respect to the averments in paragraph 61, 62, 63 and 64 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

## COUNT 11:
## Punitive Damages

32.     With respect to paragraph 65 of the Complaint, Defendant Fremont repeats, realleges and incorporates herein the admissions, denials and averments contained in paragraphs 1 through 31 of this Answer to Complaint.

33.     With respect to the averments in paragraph 66 of the Complaint, Defendant Fremont denies the averments insofar as they relate to Defendant Fremont, but is without sufficient knowledge or information to form a belief as to their truthfulness regarding any other party named therein and therefore denies them to that extent.

34.     Defendant Fremont denies each and every averment of the Complaint that is not expressly admitted herein.

## THIRD DEFENSE

35.     Defendant Fremont intends to rely upon the defense of lack of material failure to comply with the requirements imposed by the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq.

## FOURTH DEFENSE

36.     Defendant Fremont intends to rely upon the defense of adequate and timely disclosures required by applicable law, including, without limitation, disclosures required under the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, and Regulation Z.

## FIFTH DEFENSE

37.     Defendant Fremont intends to rely upon the defense that any alleged violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid errors.

## SIXTH DEFENSE

38.     Defendant Fremont intends to rely upon the defense of lack of a relationship between the alleged violation and the Congressional purpose of meaningful disclosure and fully informed debtors.

## SEVENTH DEFENSE

39.     Defendant Fremont intends to rely upon the defense of lack and/or inadequacy of tender or offer to tender repayment.

## EIGHTH DEFENSE

40.     Defendant Fremont intends to rely upon the defense that Plaintiffs lacked and/or waived the right to rescind the credit transaction.

## NINTH DEFENSE

41.     Defendant Fremont intends to rely upon the defense that Plaintiffs failed to give proper, adequate and/or timely notice of rescission, and are no longer entitled to rescind the credit transaction.

## TENTH DEFENSE

42.     Defendant Fremont intends to rely upon the defense that Defendant Fremont did not owe and/or breach a duty to Plaintiffs that was recognized by law or that required Defendant Fremont to conform to a certain standard of conduct.

## ELEVENTH DEFENSE

43.     Defendant Fremont intends to rely upon the defense of failure to mitigate.

## TWELFTH DEFENSE

44.     Defendant Fremont intends to rely upon the defense of each applicable statute of limitations or repose and/or laches.

## THIRTEENTH DEFENSE

45.     Defendant Fremont intends to rely upon the defenses of setoff, offset and/or recoupment.

## FOURTEENTH DEFENSE

46.     Defendant Fremont intends to rely upon the defense of lack of material failure to comply with the requirements imposed by the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq*.

## FIFTEENTH DEFENSE

47.     Defendant Fremont intends to rely upon the defense of lack of deceit, misrepresentation and/or duress.

## SIXTEENTH DEFENSE

48.     Defendant Fremont intends to rely upon the defense that Plaintiffs have suffered no damage or injury, and/or have suffered no damage or injury that was the result of any act or omission by Defendant Fremont.

## SEVENTEENTH DEFENSE

49.     Defendant intends to rely upon the defense that Plaintiffs knew, agreed to, authorized and/or ratified each alleged act or omission.

## EIGHTEENTH DEFENSE

50.     Defendant Fremont intends to rely upon the defense that if Defendant Fremont is determined responsible or culpable, the culpability of Plaintiffs is equal or greater culpability and therefore, since Plaintiffs are in *pari delicto*, there is no right for Plaintiffs to recover from Defendant Fremont.

## NINETEENTH DEFENSE

51.     Defendant Fremont intends to rely upon the defense of breach, default or other failure by Plaintiffs to observe the terms and conditions of, and/or perform under the applicable contracts and/or agreements.

## TWENTIETH DEFENSE

52.     Defendant Fremont intends to rely upon the defense that the acts or omissions of Defendant Fremont, if any, were not a substantial factor in the causation of any loss or damage sustained by Plaintiffs.

## TWENTY-FIRST DEFENSE

53.     Defendant Fremont intends to rely upon the defense of breach, default or other failure by Plaintiffs to observe the terms and conditions of, and/or perform under the applicable contracts and/or agreements, including, without limitation, their implied covenant of good faith and fair dealing.

## TWENTY-SECOND DEFENSE

54.     Defendant Fremont intends to rely upon the defense that Defendant Fremont did not supply any false information for the guidance of Plaintiffs in this transaction.

## TWENTY-THIRD DEFENSE

55.     Defendant Fremont intends to rely upon the defense of justifiable reliance.

## TWENTY-FOURTH DEFENSE

56.     Defendant Fremont intends to rely upon the defense that Plaintiffs have not satisfied the note and mortgage.

## TWENTY-FIFTH DEFENSE

57.     Defendant Fremont intends to rely upon the defense of lack of any unfair or deceptive act or practice forbidden or declared unlawful by Section 480-2, Hawaii Revised Statutes.

## TWENTY-SIXTH DEFENSE

58.     Defendant Fremont intends to rely upon the defense of lack of requisite intent.

## TWENTY-SEVENTH DEFENSE

59.     Defendant Fremont intends to rely upon the defense of lack of any fiduciary or other special relationship between the parties.

## TWENTY-EIGHTH DEFENSE

60.     Defendant Fremont intends to rely upon the defense that the acts or omissions of Defendant Fremont were not a substantial factor in the causation of any damages or injuries alleged in the Complaint.

## TWENTY-NINTH DEFENSE

61.     Defendant Fremont intends to rely upon the defense of failure to join a necessary and indispensable party.

## THIRTIETH DEFENSE

62.     Defendant Fremont intends to rely upon the defense that punitive or exemplary damages are unconstitutional under the Due Process Clauses of the 5th and 14th Amendments to the United States Constitution, and Article I, Section 5 of the Hawai'i Constitution.

## THIRTY-FIRST DEFENSE

63.     Defendant Fremont intends to rely upon the defense that if Plaintiffs sustained any harm and/or damages as alleged in the Complaint, said harm and/or damages were proximately caused by Plaintiffs, by co-Defendants, and/or by one or more unnamed third parties, and not by Defendant Fremont who is therefore not liable to Plaintiffs.

## THIRTY-SECOND DEFENSE

64.     Defendant Fremont intends to rely upon the defense of waiver and/or estoppel.

WHEREFORE, Defendant Fremont prays for judgment or relief against Plaintiffs as follows:

A.      Dismiss the Complaint against Defendant Fremont with prejudice.

B.      Award Defendant Fremont the costs, expenses and reasonable attorneys' fees incurred in defense of the Complaint.

C.      That, if Plaintiffs are entitled to rescission under the Truth in Lending Act or otherwise, the Court condition rescission upon return of all money and property due Defendant Fremont by Plaintiffs.

D.      That the Court award Defendant Fremont its expenses, costs and reasonable attorneys' fees, together with pre-and post-judgment interest.

E.      That the Court award Defendant Fremont such other and further relief, whether at law or equity, as the Court deems just and proper under the circumstances.

DATED: Honolulu, Hawai'i, June 8, 2010.

＿＿＿/s/Adelbert Green＿＿＿＿＿＿＿＿
ADELBERT GREEN
Attorney for Defendant
  FREMONT INVESTMENT & LOAN
  nka FREMONT REORGANIZING
  CORPORATION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRYAN KEITH PETTIT and MARLENE PETTIT, | CIVIL NO. 10-00100 SOM LEK |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| vs. | |
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATE-HOLDERS OF CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1 ASSET BACKED PASS-THROUGH CERTIFICATES, FREMONT INVESTMENT & LOAN, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., EMC MORTGAGE CORPORATION, and DOES 1 through 20 inclusive, | |
| Defendants. | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing DEFENDANT FREMONT INVESTMENT & LOAN nka FREMONT REORGANIZING CORPORATION'S ANSWER TO COMPLAINT FILED FEBRUARY 25, 2010; CERTIFICATE OF SERVICE was duly served on the party identified below at their respective address, on June 8, 2010 via CM/ECF Notice:

Keoni K. Agard, Esq.
Dexter K. Kaiama, Esq.
Agard & Kaiama, LLC
Harbor Tower at Harbor Square
700 Richards Street, Suite 805
Honolulu, Hawai'i  96813
Attorneys for Plaintiffs
  BRYAN KEITH PETTIT and MARLENE PETTIT

DATED: Honolulu, Hawai'i, June 8, 2010.

                    /s/Adelbert Green
                    ADELBERT GREEN
                    Attorney for Defendant
                      FREMONT REORGANIZING
                      CORPORATION